IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARNELL O. PIERCE, | § | |
| | § | No. 271, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0503002489A |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 17, 2015
Decided: September 21, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

**O R D E R**

This 21st day of September 2015, after careful consideration of the opening brief, the State's motion to affirm, and the record on appeal, we find it manifest that the judgment below should be affirmed on the basis of the Superior Court's May 1, 2015 order. The Superior Court did not err in concluding that Darnell Pierce's first motion for postconviction relief, which was filed more than six years after this Court issued the mandate on his direct appeal,[1] was untimely and subject to summary dismissal. Contrary to Pierce's assertion, merely alleging ineffective assistance of counsel is insufficient to excuse the time bar in every case.[2] In this case, Pierce's motion failed to assert any colorable claim of a miscarriage of justice

---

[1] *Pierce v. State*, 2007 WL 3301027 (Del. Nov. 8, 2007).
[2] *Foster v. State*, 2012 WL 562825 (Del. Feb. 21, 2012).

under former Superior Court Rule 61(i)(5) sufficient to overcome the one-year procedural bar.  Under the circumstances, we also find no abuse of the Superior Court's discretion in denying Pierce's motion for the appointment of counsel.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice